# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0038
Lower Tribunal No. 22-CF-10535

_____

MA GUADALUPE BALBINO-LARA,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Catherine L. Combee, Judge.

January 9, 2026

BROWNLEE, J.

Appellant Ma Guadalupe Balbino-Lara appeals her judgment and sentence, as well as the trial court's denial of her motion to correct sentencing error. Because the trial court erred in imposing costs of supervision, we reverse.

The State charged Appellant with possession of a firearm by a convicted felon in count one of an amended information and improper exhibition of a dangerous weapon in count two. She proceeded to trial solely on count one, and a jury found her guilty. Appellant pled nolo contendere to count two. The trial court sentenced

Appellant to three years in prison on count one and to time served on count two, in accordance with her plea agreement. Appellant timely appealed.

While this appeal was pending, Appellant filed a motion to correct sentencing error in the trial court under Florida Rule of Criminal Procedure 3.800(b)(2), raising three grounds. First, Appellant argued the monetary obligations order should be modified to either identify the applicable county ordinance for the $2 cost imposed under section 938.15, Florida Statutes, or to otherwise strike the cost. Next, Appellant requested the trial court strike all costs of supervision from the monetary obligations order because Appellant's sentence did not include a period of supervision. Finally, Appellant requested the trial court strike $100 from the "Additional SAO Costs of Prosecution Fees" from the monetary obligations order.

The State responded and agreed all costs of supervision should be stricken because Appellant was not sentenced to probation. As to Appellant's other arguments, however, the State disagreed that she was entitled to relief. The trial court never entered an order on the motion to correct sentencing error, and so it is deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion [to correct a sentencing error] within 60 days, the motion shall be deemed denied.").

After a review of this case under *Anders v. California*, 386 U.S. 738 (1967), we find error only in the trial court's imposition of costs of supervision. Such costs are governed by section 948.09(1)(a)1., Florida Statutes:

> Any person ordered by the court, the Department of Corrections, or the Florida Commission on Offender Review to be placed under supervision . . . or in a pretrial intervention program, must . . . pay the department a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision.

§ 948.09(1)(a)1., Fla. Stat. (2023).

As the State conceded in its response to Appellant's rule 3.800(b)(2) motion, Appellant was never ordered "to be placed under supervision." There are therefore no applicable costs of supervision here, and the trial court imposed those costs in error. *See Golphin v. State*, 413 So. 3d 828, 828–29 (Fla. 6th DCA 2024) (reversing order directing Golphin to pay costs of supervision where Golphin did not receive a sentence of probation or community control); *Fortson v. State*, 417 So. 3d 532, 533 (Fla. 6th DCA 2025) ("Because Fortson was not sentenced to any form of supervision, the imposition of costs for supervision and monitoring was error.").

Accordingly, we reverse those portions of the monetary obligations order imposing costs of supervision and remand this case for the trial court to enter a corrected order. As to all other issues, we affirm.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

NARDELLA and GANNAM, JJ., concur.

Blair Allen, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED